BECERRIL ET AL., PLAINTIFFS AND APPELLANTS, *v.* POST ET AL., DEFENDANTS AND RESPONDENTS.

APPEAL from the District Court of Humacao in an Action of Debt.

No. 1237.—Decided July 9, 1915.

LEASE—CONTRACT.—A lease is a contract by which one of the parties agrees to give to the other for a fixed time and price the use or profit of a thing or of his services.

ID.—REAL RIGHT.—According to section 1453 of the Revised Civil Code and subdivision 5 of article 2 of the Mortgage Law, a contract of lease of real property for more than six years has the character of a real right in the leased property.

ID.—SUBLEASE—CONSENT.—The lessee may sublet the leased property without the consent of the lessor when there is no express prohibition in the contract.

ID.—ASSIGNMENT—CONSENT—PROHIBITION—FREEDOM OF CONTRACT.—A lessee is empowered to assign his lease without first asking and obtaining the consent of the lessor when assignment is not expressly prohibited in the contract. In the absence of an express prohibition or of a plainly immoral consequence, the principle holds that no obstacle should be placed in the way of the right of free contract.

ID.—ASSIGNMENT—LIABILITY OF LESSEE.—The assignment of a lease does not annul the lessee's obligation on his express covenant to pay the stipulated

rent, even though the lessor has assented to such assignment and collected rent from the assignee, unless the lessor has accepted the surrender of the lease and released the original lessee.

The facts are stated in the opinion.

*Messrs. Aponte & Aponte* for the appellants.

*Messrs. Armstrong & Keith* and *Luis Muñoz Morales* for the respondents.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The fundamental question involved in this case is the following: Can the lessee, in the absence of an express prohibition in the contract, assign a lease of real property for a period of more than six years without the consent of the lessor?

From the record it appears that on January 11, 1911, the plaintiffs leased certain rural properties situated in Fajardo, P. R., to the defendants for a period of fourteen years at a yearly rental of $8,000 payable quarterly in advance. Nothing was stipulated in the lease as to whether the lessees could or could not sublease the leased properties or assign their right to other persons.

The lessees took possession of the leased properties and duly paid the rent instalments until December of 1913. On January 15, 1914, the said lessees assigned and transferred their rights by a public instrument to The Fajardo Sugar Company, a corporation organized and incorporated under the laws of the State of New York, with domicile and offices in Fajardo, P. R., and so notified the lessors who in answer refused to recognize the assignment. The lessors sought to collect the rent due for the first quarter of the year 1914 from the lessees who refused to pay the same, stating that such payment would be made by their assignee, The Fajardo Sugar Company. The Fajardo Sugar Company, as assignee of The Fajardo Sugar Growers' Association, tendered the said instalment to the plaintiffs, but they refused to receive the same from it as assignee; thereupon The Fajardo Sugar

Company deposited the amount in the District Court of Humacao at the disposal of the plaintiffs.

In these circumstances the lessors filed the present suit against the lessees, praying for judgment for $2,250, with lawful interest thereon, as damages, together with the costs, disbursements, and attorney fees.

The defendants answered the complaint. The Fajardo Sugar Company was allowed to intervene and finally judgment was rendered dismissing the complaint and reserving to the plaintiffs the right to assert their claim in the proper action, without special imposition of costs. From that judgment, which was rendered on August 19, 1914, the plaintiffs took the present appeal.

The judge of the district court was substantially of the opinion that according to the law in force in Porto Rico the lessee could not assign the lease without the consent of the lessor, but that as the action brought was only one of debt and the facts showed that if the plaintiffs had not collected their debt it was because they elected not to do so, the question raised by them was purely academic and should not be decided by the court.

After carefully considering all the questions argued by counsel for the parties we are of the opinion that the judgment appealed from should be affirmed, but for other reasons than those upon which the trial court based the same. We will not consider herein the various errors assigned by the appellants in their brief, but will confine ourselves to the real fundamental question involved in the case.

Escriche defines a lease as follows:

"A lease is a contract by which one of the parties agrees to give to the other for a fixed time and price the use or profit of a thing, or of his services." I Escriche, 722.

And further on, referring to a sublease, says:

"When there is no prohibition in the contract the lessee may sublease the whole or part of the leased property. Such was the pro-

vision of the Roman law. *Nemo prohibetur rem quam conduxit fruendam, alii locare, si nihil aliud convenit; lib. 6, Cod. de locat.* Such is the rule commonly laid down by our jurists, especially by Gómez y Ayllon, lib. 2, Var., chap. 3, No. 11; and thus reason equally dictates * * *." I Escriche, 727.

The general rule stated by Escriche was adopted by the Spanish Civil Code, which provided in article 1550 that "where it is not expressly prohibited in a contract of lease of property the lessee may sublease the whole or a part of the thing leased without prejudice to his liability for the fulfilment of the contract with the lessor"; and the Porto Rican Legislature enacted a similar provision in section 1453 of the Revised Civil Code.

The Mortgage Law for the Colonies of 1893 which, with some changes, is still in force in Porto Rico, provides in subdivision 5 of article 2 that contracts for the lease of real property for a period exceeding six years shall be recorded in the registries of property, which is similar to the provision in article 2 of the Spanish Mortgage Law and which converts such leases into true real rights in the leased property.

Therefore, in accordance with the laws governing the matter, the lease under consideration in this suit has the character of a real right in the leased property and the lessees may sublease said properties without the consent of the lessors, there being no express prohibition in the contract.

Are the lessees likewise empowered to assign their right without first asking for and obtaining the consent of the lessors? The law does not so provide expressly as it does in the case of the sublease. The commentators hold different views. Manresa concludes that they are and Scaevola that they are not. So far as we know, the Spanish courts have not decided the question. The General Directorate of Registries expressed a somewhat affirmative opinion in holding on March 12, 1902, that "the recording of the contract of lease converts it into a real right which may be alienated unless expressly forbidden, as prescribed by article 1550 of the Civil Code."

In our opinion the decision of the question depends upon the effects which the assignment may cause in the relations between the lessor and the original lessee. If the assignment produces the effect of exonerating the lessee from all responsibility as regards, for example, the payment of the rent which he bound himself to pay, to authorize the assignment would be equivalent to allowing one of the contracting parties alone to evade voluntarily the fulfilment of the obligation contracted without fear of incurring any liability whatever. But if the assignment does not produce such effect and the liability of the original lessee to the lessor continues, then we find no logical reason for the conclusion that the assignment of a lease is prohibited by our laws.

We think that the last view should be adopted and, therefore, that the question propounded on this point should be answered in the affirmative, inasmuch as in the absence of an express prohibition or of a plainly immoral consequence the principle holds that no obstacle should be placed in the way of the right of free contract.

In holding this opinion we believe that we have solved the juridical problem raised in a way which preserves all the special characteristics of a contract of lease and at the same time unhesitatingly accepts the consequences of the provision of the Civil Code and of the Mortgage Law in relation thereto. Moreover, our reasonings are sustained by the settled jurisprudence of the American courts, which is applicable because it is not incompatible but rather consistent with the nature of the lease as governed by our laws. Summarized by Cyc. said jurisprudence is as follows:

"In the absence of statutory or contractual restrictions to the contrary, a lessee for years may, without the lessor's consent, or an express provision in the lease, either assign, sublet, or mortgage or otherwise encumber the term granted by the lease." 24 Cyc., 962.

"The assignment of a lease does not annul the lessee's obligation on his express covenant to pay rent, even though the lessor has assented to such assignment, and collected rent from the assignee, un-

less the lessor has accepted the surrender of the lease and released the original lessee." 24 Cyc., 1177, and cases there cited.

Under our theory the rights of the lessor are secured. They are not impaired by the assignment. If section 1126 of the Civil Code provides that payment may be made by any person, whether he has an interest or not in the fulfilment of the obligation, there is no legal reason why payment by the assignee may not be made.

Having reached the foregoing conclusions, all the argument of the appellants relative to the probable damages which the assignment might cause them falls to the ground. The appellants alleged that they could not accept payment from the assignee corporation because if they did it would be a tacit acceptance of the assignment, which would release *ipso facto* the original lessee from all liability to them. But as this is not so, the only obstacle to the receipt by the appellants of the rent from the assignees vanishes and the true legal status of the matter is that the appellants at the time they filed the suit had no need whatever to apply to a court for the recognition of a right which, in fact, had never been denied them.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.